Monell, J.
The defendants offer was to allow judgment to be entered for the whole sum secured by the bond, and if the plaintiff failed to obtain a more favorable judgment, he cannot recover costs, but must pay costs to the defendants from the time of the offer. The demand of judgment for the penalty of the bond was through an error of the plaintiff’s counsel in supposing that the old action of debt on the bond was not abolished by the Code. The plaintiff did not claim to collect the penalty, but claimed that the judgment should be in form for the penalty, as in the old action of debt. In that case, execution could issue to collect such sum only as was due by the condition of the bond—in this case, six months interest. The principal sum secured by the bond in suit, will not become due until the 21st of May, 1865, and the plaintiff is not obliged, nor can she be compelled, to receive it before maturity. The bond is presumed to be well secured by mortgage on real property. The acceptance of the offer to allow judgment would have required a judgment for the amount stated in the offer, and it could not have been for any less sum. The judgment being entered, the defendants could pay the amount, and thus" satisfy the bond, and claim a discharge of the mortgage. Such a judgment cannot be said to be more favorable than such as the plaintiff has obtained. It would compel the plaintiff to receive the principal before due, and deprive her of a good investment of her money. The amount of the judgment is not the only test. Capitalists' whose means are invested in bond and mortgage, are usually reluctant to receive the principal until due. There is a liability to lose interest, and another investment must be found. Under these circumstances, I think the judgment the plaintiff obtained *601 was more “ favorable” than the offer, and, consequently, she is entitled to recover the costs of the action.
M. L. Towsend, for the appellants.
G. Tillotson, for the respondent.
From this decision, the defendants appealed to the general term.
By the Court, Garvin, J.
It is quite certain that the acceptance of the offer would have been more favorable than the judgment recovered, so far as the amount is a test of which was most favorable. ' It is not a question, which would be most for the interest of the plaintiff, to have her money invested in a loan upon bonds at seven per cent, payable semiannually, or to have it in judgment, and receive payment at once, and perhaps invest in seven-thirty U. S. bonds, or any other security quite as good ; but whether, within the meaning of section 385 of the Code, the plaintiffs failed to obtain a more favorable judgment than was offered. The plaintiff prayed judgment for the whole penalty of the bond. The defendants averred that only the amount secured by the condidition was due. The breach assigned in the complaint is the non-payment of interest, concluding, whereby the defendants have broken the condition of the bond, and have become liable to pay the penalty, and demanding judgment for seven thousand six hundred dollars. With the exception of the demand for judgment, this cannot be considered any thing more than a conclusion to the complaint, which is of no importance, and for all purposes might, in any view of this case, have been omitted. The averment, in the complaint, that the defendants had neglected and refused to pay the interest, and that it remained due and unpaid at the time of the commencement of the action, would have been a sufficient averment to constitute a breach of the bond, and entitled the plaintiff to recover without that part of the conclusion in the complaint to which we have referred. There is no pretense that the plaintiff was *602 entitled to recover the penalty of the bond. It would have been quite as well for the plaintiff if the pleader who drew the complaint had claimed to recover the $133, with interest and costs. Such a conclusion of the complaint would have been entirely consistent with the statement of the cause of action therein contained. The plaintiff does not aver, in her complaint, that she elected to deem the principal due by reason of the non-payment of the interest. On such a complaint, claiming only $133, with interest and costs, an offer of judgment for $3800, and judgment for $133 and interest, is less in amount than if entered upon the offer. The defendants waive the objection that the offer exceeds the amount claimed in the complaint. This would be within the language of section 385, and yet it would not be pretended such an offer was within the statute. If an election had been averred in the complaint, that the principal was due by reason of her option so to make it due, then the facts^averred would have entitled her to recover the whole amount secured by the condition of the bond, and interest thereon. This must have been the view of the judge who tried this cause, and therefore the law of this case ; and for the purposes of this appeal we must so hold.
I am therefore of opinion that this order should be affirmed.